**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 96-cv-1791-DBS-PAC

PHOEBE THOMPSON, DEAN ECOFF, and MARCIA E. WADE, on behalf of themselves and all others similarly situated,
    Plaintiffs,

  v.

M. MICHAEL COOKE, in her official capacity as the Executive Director of the Colorado Department of Revenue, and STEVE TOOL, in his official capacity as Senior Director of the Motor Vehicle Business Group of the Colorado Department of Revenue,
    Defendants.

_____

**ORDER**
_____

THIS MATTER comes before the Court on Plaintiffs' Motion and Memorandum of Law for Leave to Amend, filed November 8, 2004. Defendants have filed a response and the Court is fully advised in the premises.

Plaintiffs request leave to amend their complaint to add a claim for reimbursement against the State of Colorado. They note that this Court earlier dismissed such a claim and later denied a request to reconsider that dismissal. In keeping with that latter request, it is now Plaintiffs' position that the Tenth Circuit's "holding that Title II claims are not with Congress' Section 5 power is incorrect." (Motion at ¶ 5.) Plaintiffs' argument is based on the holding of Lane v. Tennessee, 541 U.S. 509, 124 S.Ct. 1978 (2004).

Defendants disagree with Plaintiffs' analysis. They argue that even aside from the fact that Plaintiffs are bound by the mandate from the Tenth Circuit, the ruling in Lane was very specifically limited to the constitutional right of access to the spirts. The Third Circuit Court of Appeals has agreed with that analysis. "The Court was very specific in limiting its

holding to cases implicating the fundamental right of access to the courts, indicating that an individual analysis would have to be performed for subsequent Title II cases involving a different scenario. We are persuaded that a different scenario is present here." Cochran v. Pinchak, 401 F.3d 184, 186 (3rd Cir. 2005) (involving an inmate who claimed a violation of his right to devices which would aid him in his disability of blindness.)

This Court agrees that the holding was Lane was clearly too narrowly drawn to affect the appellate decision in this case.

It is there ORDERED that Plaintiffs' Motion for Leave to Amend is Denied.

DATED at Denver, Colorado, this 30th day of September, 2005.

BY THE COURT:

/s/
_____
DANIEL B. SPARR, Senior Judge
United States District Court