**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 96-cv-01791-REB-PAC

PHOEBE THOMPSON, DEAN ECOFF, and MARCIA E. WADE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

M. MICHAEL COOKE, in her capacity as Executive Director of the Colorado Department of Revenue, and STEVE TOOL, in his capacity as Senior Director of the Motor Vehicle Business Group of the Colorado Department of Revenue,

    Defendants.

---

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) plaintiffs' **Motion for Re-Entry of Summary Judgment and for Reinstitution of Claim for Reimbursement** [#130], filed March 21, 2006; and (2) **Defendants' Motion for Summary Judgment** [#135], filed September 9, 2006. With the consent of the magistrate judge, I withdraw the prior **Order of Reference to Magistrate Judge** [#147], filed September 13, 2006, and grant plaintiffs' motion with respect to their claims for injunctive and declaratory relief. I deny plaintiffs' motion insofar as it seeks to reinstate their claim for reimbursement. I deny defendants' motion in its entirety.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense.  **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.[1]

---

[1] However, the fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper.  **See Atlantic Richfield Co. v. Farm Credit Bank of Wichita**, 226 F.3d 1138, 1148 (10th Cir. 2000); **James Barlow Family Ltd. Partnership v. David M. Munson, Inc.**, 132 F.3d 1316, 1319 (10th Cir. 1997); **see also Buell Cabinet Co. v. Sudduth**, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

By this lawsuit, plaintiffs challenge a Colorado statute that requires a qualified person with a disability to pay a fee for issuance of a placard allowing her to use designated handicapped parking spaces. *See* §42-3-204(2)(e), C.R.S.[2] Plaintiffs, all individuals who qualify for receipt of such placards, maintain that the statute violates Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12132 *et seq.* ("ADA"), which prohibits discrimination against people with disabilities in the provision of governmental services. More specifically, the statute is alleged to run afoul of Title II's implementing regulations, which provide, in relevant part:

> A public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.

28 C.F.R. § 35.130(f).

---

[2] The statute was previously codified at §42-3-121(2)(d), C.R.S. The relevant language of that statute and the present one is identical.

As originally filed, this action named the State of Colorado as the sole party defendant and sought injunctive and declaratory relief as well as reimbursement of all previously paid parking placard fees collected by the State. The parties submitted cross-motions for summary judgment on plaintiffs' claims for declaratory and injunctive relief. The motions were referred to the magistrate judge, who concluded that Congress had abrogated the state's Eleventh Amendment immunity in enacting Title II and that the parking placard fees violated the ADA as interpreted by the implementing regulations. The Honorable Daniel B. Sparr adopted the recommendation and enjoined the State from implementing §42-3-204(2)(e), C.R.S. ***Thompson v. State of Colorado***, 29 F.Supp.2d 1226, 1228 (D. Colo. 1998). The State took an interlocutory appeal of that Order. (**Notice of Appeal** [#74], filed January 20, 1999.)

On appeal, the Tenth Circuit reversed, finding that "Title II is not a valid abrogation of the states' Eleventh Amendment immunity." ***Thompson v. Colorado***, 278 F.3d 1020, 1034 (10th Cir. 2001) (footnote omitted), ***cert. denied***, 535 U.S. 1077 (2002). It, therefore, vacated the order granting plaintiffs' motion for summary judgment and remanded with instructions to enter summary judgment on behalf of the State. ***Id.*** at 1035. Consistent with that mandate, Judge Sparr directed that judgment enter on behalf of the State (**Order on Remand** [#91], November 9, 2001),[3] and the Clerk of the Court entered judgment in accordance with that Order on November 15, 2001.

Plaintiffs then moved to alter or amend the judgment, seeking leave pursuant to

---

[3] Judge Sparr also denied plaintiffs' then-pending **Motion for Class Certification** [#62], filed September 18, 1998, as moot. (**Order on Remand** at 1, ¶ 2 [#91], filed November 9, 2001). That motion has not been revived as of the date of this order.

4

Fed.R.Civ.P. 59(e) to amend their complaint to name the Executive Director of the Colorado Department of Revenue in his official capacity as a party defendant, as contemplated by *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).[4] (*See* **Motion To Alter or Amend Judgment and For Stay Pending Resolution of Petition For Writ of Certiorari** at 2, ¶ 2 [#97], filed December 7, 2001.)  Judge Sparr denied the motion on the ground that it was not timely filed.  (**Order** [#100], filed December 28, 2001.)  Plaintiffs appealed that decision to the Tenth Circuit, which ruled that the district court should have entered a *nunc pro tunc* order deeming the motion filed as of the date plaintiffs timely presented it to the Clerk of the Court, who improperly refused to file it.  *Thompson v. Colorado*, 60 Fed.Appx. 212, 214 (10th Cir. March 4, 2003).

On remand, Judge Sparr granted plaintiffs' motion for leave to amend their complaint to add the present defendants in their official capacities, but dismissed their proposed reimbursement claim.  (**Order** at 4 [#118], filed April 20, 2004.)  Plaintiffs moved for reconsideration of Judge Sparr's order, arguing that the then-anticipated Supreme Court decision in *Tennessee v. Lane* might revitalize their reimbursement claim.  (**Motion to Reconsider In Part, or to Alter or Amend** [#120], filed April 26, 2004.)  Judge Sparr denied that motion as premature.  (**Order** [#125], filed May 5,

---

[4] *Ex parte Young* allows a suit otherwise barred by a state's sovereign immunity to proceed against individual state officers in their official capacity on the theory that an unconstitutional statute is void and, therefore, does not "impart to [the official] any immunity from responsibility to the supreme authority of the United States" for enforcing such an unconstitutional law.  *Ex Parte Young*, 28 S.Ct. at 453-54. *Young* also permits federal courts to grant prospective injunctive relief to prevent continuing violations of federal law.  *Id.* at 452-53.  *See also Green v. Mansour*, 474 U.S. 64, 68-69, 106 S.Ct. 423, 425-26 (1985).

5

2004.)

Less than two weeks later, the Supreme Court issued its decision in ***Tennessee v. Lane***, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004), holding "that Title II unquestionably is valid § 5 legislation as it applies to the class of cases implicating the accessibility of judicial services." *Id*, 124 S.Ct. at 1992.  Plaintiffs then again moved for leave to amend their complaint.  (**Motion and Memorandum of Law For Leave To Amend** [127], filed November 8, 2004.)  Judge Sparr denied that request on the ground that ***Lane*** was specifically limited to the right of access to the courts, and, therefore, presented no grounds from which to depart from the Tenth Circuit's original mandate with respect to the Eleventh Amendment issue.  (**Order** at 2 [#129], filed September 30, 2005.)

Plaintiffs' present motion seeks re-entry summary judgment on the basis of Judge Sparr's original decision in this case with respect to the injunctive and declaratory relief claims, and reinstatement of the reimbursement claim.  For their part, defendants contend that §42-3-204(2)(e), C.R.S., does not violate Title II's implementing regulations because it is not an impermissible "surcharge" as contemplated by the implementing regulations.  Moreover, defendants argue that even if Title II and the implementing regulations prohibit parking placard fees, Congress exceeded its authority under the Commerce Clause in enacting Title II with respect to the imposition of such fees.

I begin with plaintiffs' claims for re-entry of injunctive and declaratory relief and defendants' related argument that the Colorado statute does not constitute a prohibited

6

surcharge on the provision of services to the disabled. These arguments were extensively and cogently vetted by the magistrate judge in her well-reasoned ruling on the original cross-motions for summary judgment. Setting aside the law of the case doctrine, I find her reasoning on these issues fully persuasive, both by its own force and as consistent with the clear majority of other federal courts that have confronted this issue. *See, e.g.*, **Klinger v. Director, Department of Revenue, State of Missouri**, 433 F.3d 1078, 1080-82 (8th Cir. 2006), *as supplemented on reh'g*, 455 F.3d 888 (8th Cir. 2006); **Dare v. California**, 191 F.3d 1167, 1173-75 (9th Cir. 1999), *cert. denied*, 121 S.Ct. 1187 (2001); **Duprey v. State of Connecticut, Department of Motor Vehicles**, 28 F.Supp.2d 702, 704-11(D. Conn. 1998); **Thrope v. State of Ohio**, 19 F.Supp.2d 816, 824-25 (S.D. Ohio 1998); **McGarry v. Director, Department of Revenue**, 7 F.Supp.2d 1022, 1027-28 (W.D. Mo. 1998). There is no reason for me to present a festooned reiteration of arguments the magistrate judge has already so eloquently and cogently articulated. Simply stated, for the reasons set forth in *Thompson*, 29 F.Supp.2d at 1231-32, I conclude that the parking placard fees assessed by the State of Colorado pursuant to §42-3-204(2)(e), C.R.S., violate Title II of the ADA as interpreted by 28 C.F.R. § 35.130(f).[5]

---

[5] I am not persuaded by defendants' argument that the Department of Justice's interpretation of this regulation as not disallowing the assessment of parking placard fees is dispositive. That interpretation is at odds with the plain language of the regulation. *See Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359, 109 S.Ct. 1835, 1850, 104 L.Ed.2d 351 (1989) (agency's interpretation of its own regulations is controlling unless "plainly erroneous or inconsistent with the regulation") (citation and internal quotation marks omitted). The regulation clearly prohibits any surcharge assessed "on a particular individual with a disability or any group of individuals." *See* 28 C.F.R. § 35.130(f). As set forth in the magistrate judge's opinion, for that substantial group of disabled individuals who do not own cars or otherwise do not drive, parking placards are the only viable option for accessible parking. *Thompson*, 29 F.Supp.2d at 1232. For this population, parking placards clearly are "required" to provide nondiscriminatory treatment under the ADA, and, thus, run afoul of the regulation.

Accordingly, plaintiffs are entitled to judgment on their claims for declaratory and injunctive relief unless defendants are correct that Title II is not a valid exercise of Congress's authority under the Commerce Clause.  *See* 42 U.S.C. § 12101(b)(4) (specifically invoking "the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities").  This argument is utterly feckless.  The Commerce Clause grants to Congress power "[t]o regulate Commerce with foreign Nations, and among the several States, and within the Indian Tribes."  **U.S. CONST.** Art. I, § 8, cl. 3.  The power, although not limitless, is exceedingly broad.  Thereunder, Congress may regulate three general categories of activity: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities having a substantial relation to interstate commerce.  ***United States v. Lopez***, 514 U.S. 549, 558-59, 115 S.Ct. 1624, 1629-30, 131 L.Ed.2d 626 (1995).  A statute will withstand a Commerce Clause challenge if a rational basis exists for concluding that the regulated activity substantially affects interstate commerce.  *Id.*, 115 S.Ct. at 1629.

Congress clearly considered the ADA to be a significant piece of commercial legislation.  It found that individuals with disabilities historically were "severely disadvantaged" economically.  42 U.S.C. § 12101(a)(6).  Moreover, it noted that discrimination against the disabled "costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity," *id.* § 12101(a)(9), and concomitantly, that "the Nation's proper goals regarding individuals

with disabilities" included "economic self-sufficiency for such individuals," *id*. § 12101(a)(8). The legislative history evinces a continuing focus on the economic impact of discrimination against the disabled. Congress cited extensive evidence that disability discrimination had resulted in "dependency on social welfare programs that cost the taxpayers unnecessary billions of dollars each year," on the order of $60 billion annually. In addition, Congress noted that "[e]xcluding the millions of disabled who want to work from the employment ranks costs society literally billions of dollars annually in support payments and lost income tax revenues." H.R. Rep. 101-485(II), *reprinted in* 1990 U.S.C.C.A.N. 303, 325. Other, similar examples abound in the legislative record. *See id.*, 1990 U.S.C.C.A.N. at 325-329.

Against this backdrop, I have no trouble in concluding that Congress rationally could have concluded that regulating the provision of placards that allow disabled individuals safe and accessible parking in every conceivable facet of public life substantially affects interstate commerce.[6] The ability of individuals with disabilities to engage fully in public life in modern society almost necessarily presupposes the availability of safe, convenient, accessible parking. Indeed, Congress expressly recognized that transportation was a "critical area" which Title II was designed to address. *See* 42 U.S.C. § 12101(a)(3). Without placards, the disabled clearly are substantially hindered, if not prevented all together, from reaching grocery stores,

---

[6] Defendants attempt to find fault with this analysis by noting that Congress did not specifically consider the impact of placard fees in enacting Title II. Such minute refinements in the legislative history are not required, however. Indeed, Congress is not required to make any particular legislative findings at all. *See Lopez*, 115 S.Ct. at 1631 ("Congress normally is not required to make formal findings as to the substantial burdens that an activity has on interstate commerce."); *see also Gonzales v. Raich*, 545 U.S. 1, 17, 125 S.Ct. 2195, 2206. 162 L.Ed.2d 1 (2005) (" We have never required Congress to legislate with scientific exactitude.").

9

shopping malls, hotels, restaurants, and all manner of related centers of commerce. Likewise, lack of access to parking affects access to the workplace, government facilities, recreational centers, and similar public venues. These limitations potentially affect not only commerce within Colorado, but commerce anywhere disabled individuals might choose to travel. Placards help eliminate barriers to commerce by creating a flexible, portable option allowing disabled individuals to access employment, services, and businesses throughout the country. Nor does it matter that the issuance of parking placards occurs wholly within the state of Colorado and may not be considered, strictly speaking, "commerce" in and of itself. "'[E]ven if [a party's] activity be local and though it may not be regarded as commerce, it may still, whatever its nature, be reached by Congress if it exerts a substantial economic effect on interstate commerce.'" **Gonzales v. Raich**, 545 U.S. 1, 17, 125 S.Ct. 2195, 2205-06, 162 L.Ed.2d 1 (2005) (quoting **Wickard v. Filburn**, 317 U.S. 111, 125, 63 S.Ct. 82, 89, 87 L.Ed. 122 (1942)). Such is the case here.

For these reasons, plaintiffs are entitled to summary judgment on their claims for declaratory and injunctive relief. This leaves only plaintiffs' claim for reimbursement. Plaintiffs ask that this claim be reinstated in light of the Supreme Court's decisions in **Tennessee v. Lane** and **United States v. Georgia**, 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006). However, I agree with defendants that there is no claim to be reinstated. Plaintiffs' original complaint against the State of Colorado was the only pleading to ever contain a claim for reimbursement. That complaint was rendered null by the Tenth Circuit's mandate ordering that summary judgment be entered on behalf of

10

the State. Plaintiffs' repeated attempts to reinvigorate that claim against the present defendants have heretofore been rebuffed.

What plaintiffs really seek is leave to amend their complaint to add a claim of reimbursement. Given the current legal landscape, it appears plaintiffs have an arguable claim to make in that regard, and I might be favorably disposed to granting such relief were it properly before me.[7] The present motion, however, is not the appropriate vehicle by which to put forward such a request.

**THEREFORE, IT IS ORDERED** as follows:

1. That with the consent of the magistrate judge, the prior **Order of Reference to Magistrate Judge** [#147], filed September 13, 2006, is **WITHDRAWN**;

2. That plaintiffs' **Motion for Re-Entry of Summary Judgment and for Reinstitution of Claim for Reimbursement** [#130], filed March 21, 2006, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** with respect to plaintiffs' request for re-entry of summary judgment;

    b. That summary judgment is **GRANTED** to plaintiffs as to their claims for declaratory and injunctive relief;

---

[7] Nor am I convinced, at least based on defendants' present arguments, that amendment would be futile in light of the mandate rule. Defendants' argument tacitly assumes that the individual defendants are the functional equivalent of the State of Colorado, but if that were true, there would have been no need for plaintiffs to invoke the *Ex Parte Young* fiction. Now, if it is decided that *Tennessee v. Lane* and *United States v. Georgia* counsel that Congress validly abrogated the State's Eleventh Amendment immunity for purposes of plaintiffs' claims in this lawsuit, plaintiffs will no longer need to avail themselves of the *Ex Parte Young* fiction at all, and potentially may maintain an action directly against these defendants for monetary relief. Defendants' current arguments do not convince me that such relief is precluded by the Tenth Circuit's mandate in favor of the State. More thorough briefing of these issues will have to await the appropriate motion, however.

      c.  That it is **DECLARED** that §42-3-204(2)(e), C.R.S., violates Title II of the Americans With Disabilities Act, and accordingly, defendants are **ENJOINED** from implementing §42-3-204(2)(e), C.R.S., to require payment of a fee for removable handicapped parking placards; and

      d.  That in all other respects, plaintiffs' motion is **DENIED**;

3.  That plaintiffs **MAY FILE** a motion for leave to amend their complaint to add a cause of action for reimbursement of previously paid placard fees by no later than close of business on **Friday, April 6, 2007**; and

4.  That **Defendants' Motion for Summary Judgment** [#135], filed September 9, 2006, is **DENIED**.

Dated March 22, 2007, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**