IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 96-cv-01791-REB

PHOEBE THOMPSON, and
DEAN ECOFF,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

M. MICHAEL COOKE, in her official capacity as the Executive Director of the Colorado Department of Revenue, and
STEVE TOOL, in his official capacity as Senior Director of the Motor Vehicle Business Group of the Colorado Department of Revenue,

    Defendants.

---

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, STIPULATION FOR JUDGMENT AND MUTUAL RELEASE AND SCHEDULING FINAL SETTLEMENT HEARING

Blackburn, J.

The matter before me is the parties' **Joint Stipulated Motion for Order Granting Preliminary Approval to Settlement Agreement and Mutual Release and Scheduling Final Settlement Hearing** [#165], filed January 7, 2008. I grant the motion.

Plaintiffs, Phoebe Thompson and Dean Ecoff, brought this lawsuit on behalf of themselves and all others similarly situated,[1] alleging that the State of Colorado's practice of charging and collecting fees for disabled parking placards violated the

---

[1] Although a motion for class certification was filed at one point in the litigation, it was never considered, and, thus, a class has not yet been certified.

Americans with Disabilities Act of 1990 ("ADA"). I agreed and granted declaratory and injunctive relief in favor of plaintiffs, barring defendants from continuing to charge placard fees. (*See Order Re: Motions for Summary Judgment* [#151], filed March 22, 2007.)

Plaintiffs and defendants now have entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement"). (*See* Jt. Stipulated Mot. App., Exh. 1.) Having reviewed the record in this case, the proposed Settlement Agreement, and pertinent legal authority, I find and conclude that the Settlement Agreement should be tentatively approved, subject to additional proof to be provided at a final settlement hearing as contemplated herein.

It is asserted that the proposed Settlement Agreement is a result of extensive, arm's length negotiations between the parties, with the assistance of a private, independent mediator. The parties have stipulated that certification of a class is warranted by Fed.R.Civ.P. 23 and appropriate in this case. I agree. The stipulated class is defined as follows:

> All purchasers of parking placards enabling use of parking accommodations set aside for the exclusive use of persons with permanent disabilities since the effective date of the pertinent provisions of the Americans with Disabilities Act, including purchasers of original placards, purchasers of renewal or replacement placards, and those who in the future will be subject to § 42-3-204(2)(e), C.R.S. (formerly § 42-3-121, C.R.S.) until preliminary or final injunctive relief is granted.

The proposed class does not include purchasers of temporary parking certificates

The parties have proposed to notify class members of the proposed settlement

2

by means of mailing a notice, in the form attached to this Order as Exhibit A, to individual permanent placard purchasers for whom an address is known. The parties aver that this method of notice will be adequate, fair, and reasonable, and subject to further proof; thus, I tentatively approve notice by such means. This approval does not preclude defendant from employing other forms of notice, and it should use such methods to the extent necessary to adequately advise all members of the class of their rights. The parties should be cognizant also that I will require particularized, concrete proof at the final settlement hearing of the adequacy, fairness, and reasonableness of the notice provided to all class members. Pursuant to the Settlement Agreement, the administration and costs associated with providing notice, in whatever form or forms, shall be borne by defendants.

Given the allegedly small recovery due any single member of the class and the alleged difficulty in identifying and locating all members of the class, the Settlement Agreement contemplates that the monetary recovery provided for therein will be used to create a *cy pres* fund to be distributed equally among several charitable organizations, as yet unknown to me, for the indirect benefit of the plaintiff class. My preliminary research indicates that although *cy pres* funds have been approved in the context of class action settlements, the appellate courts appear to have been extremely cautious in sanctioning their use unless the particular circumstances clearly indicate that no individualized remedy is truly feasible. Therefore, the parties should be fully prepared to bring forward at the final settlement hearing particularized, concrete evidence, demonstrating that the creation of such a fund is warranted by the unique

circumstances of this case, including, but not limited to, proof that the purposes and goals of the charitable organizations proposed as recipients of the fund are closely linked to the original purposes of the litigation, the interests of class members, and the interests of those similarly situated, remembering that the purpose of a *cy pres* distribution is to "put[ ] the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class," 2 H. Newberg & A. Conte, **Newberg on Class Actions** § 10:17 (4th ed. 2002); proof of the costs of administration and distribution of the settlement fund relative to the estimated pro rata recovery of the individual class members; and any other matter that would make individualized recovery particularly difficult or burdensome in this matter.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Joint Stipulated Motion for Order Granting Preliminary Approval to Settlement Agreement and Mutual Release and Scheduling Final Settlement Hearing** [#165], filed January 7, 2008, is **GRANTED**;

2. That the proposed Settlement Agreement is preliminarily **APPROVED**. Final approval of the Settlement Agreement is subject to consideration of any objections by members of the class at the Final Settlement Hearing;

3. That all further litigation in this proceeding is **STAYED**;

4. That a plaintiff class is **CERTIFIED** as follows: All purchasers of parking placards enabling use of parking accommodations set aside for the exclusive use of persons with permanent disabilities since the effective date of the pertinent provisions of the Americans with Disabilities Act, including purchasers of original placards,

4

purchasers of renewal or replacement placards, and those who in the future will be subject to §42-3-204(2)(e), C.R.S. (formerly §42-3-121, C.R.S.) until preliminary or final injunctive relief is granted;

5. That within **sixty (60) days** of the entry of this Order or the approval of an appropriation by the General Assembly of the State of Colorado for this purpose, whichever occurs last, the State of Colorado **SHALL NOTIFY** past placard purchasers whose addresses are known to the State of Colorado; provided, furthermore, that the State of Colorado may provide notice by publication, website posting, or any other appropriate means of notification. The form of notice to be used is appended to this Order as Exhibit A. The parties are authorized to insert the names of the proposed "Recipients" of the *cy pres* fund before such notice is sent to class members without further approval of this Court;

6. That a Final Settlement Hearing **IS SCHEDULED** for **Friday, March 21, 2008, at 1:30 p.m.**, reserving one hour of the Court's time, in order to consider the fairness of the Settlement Agreement, to determine and confirm attorneys' fees and costs, and to determine whether final approval of the settlement should be granted. The procedures by which class members may opt out of the class or file any objections to the proposed Settlement Agreement are specified in the form of notice appended hereto as Exhibit A; and

7. That no later than close of business on **Friday, March 14, 2008**, the parties **SHALL FILE** a joint legal brief of not more than **fifteen (15) pages** in length setting forth all relevant legal authority supporting approval or not of the Settlement

5

Agreement, particularly including, but expressly not limited to, the standards that guide the Court's discretion in approving the creation of a *cy pres* award in this context.

Dated this January 11, 2008, at Denver Colorado.

BY THE COURT:

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**