# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 96-cv-01791-REB

PHOEBE THOMPSON,
DEAN ECOFF,
and MARCIA E. WADE, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

vs.

M. MICHAEL COOK, in her official capacity as Executive
Director of the Colorado Department of Revenue;
and STEVE TOOL, in his official capacity as the Senior
Director of the Motor Vehicle Business Group of the
Colorado Department of Revenue,

        Defendants.

# ORDER GRANTING FINAL
# APPROVAL OF CLASS ACTION SETTLEMENT

**Blackburn, J.**

On March 21, 2008, this class action came before me for a fairness and final settlement hearing pursuant to my **Order Granting Preliminary Approval of Settlement Agreement, Stipulation for Judgment And Mutual Release And Scheduling Final Settlement Hearing** [#166] entered January 11, 2008. At the conclusion of the hearing, I entered findings of fact, conclusions of law, and orders from the bench. This order is entered to confirm, expatiate, and supplement those findings, conclusions, and orders.

Having judicially noticed all relevant adjudicative facts in the file and record of this action; having considered all relevant pleadings, papers, and orders filed in this action; having considered all reasons stated, arguments advanced, and authorities cited in support of or opposition to this class action, the class as certified, and the proposed settlement, including attorney fees and costs; having provided all parties in interest reasonable notice and opportunity to join or opt out of the class and proposed settlement; having considered the presentation of all parties in interest during the fairness and final settlement hearing; and having complied with the requirements of Fed.R.Civ.P. 23 as codified and construed, I enter the following findings of fact, conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS:**

1. That the prerequisites and requirements for a class action under Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied;

2. That the stipulated class that was previously certified in my order [#166] is adjudicated to be the final class for purposes of this class action and the final settlement:

> All purchasers of parking placards enabling use of parking accommodations set aside for the exclusive use of persons with permanent disabilities since the effective date of the pertinent provisions of the Americans With Disabilities Act, including purchasers of original placards, purchasers of renewal or replacement placards, and those who are in future will be subject to § 42-3-204(2)(e), C.R.S. (Formerly § 42-3-121, C.R.S.) until preliminary or final injunctive relief is granted;

2

3. That pursuant to Fed.R.Civ.P. 23(e)(1)(c), the terms and provisions of the **Settlement Agreement And Mutual Release**, *see* **Exhibit 1** to **Joint Stipulated Motion for Order Granting Preliminary Approval to Settlement Agreement And Mutual Release And Scheduling Final Settlement Hearing** [#165] filed January 7, 2008, are fair, reasonable and adequate within the meaning of Fed.R.Civ.P. 23, as codified and constructed;

4. That the notice given satisfies the requirements of Fed.R.Civ.P. 23, as codified and constructed;

5. That only one class member, Ms. Emma M. Robertson, elected exclusion, i.e., to opt out of the class;

6. That the one putative objection lodged by Michael A. K. Fansler [#167] filed March 7, 2008, is not a bona fide objection and should be denied and overruled;[1]

7. That the proposed creation and use of a *cy pres* fund is fair, equitable, and necessary considering the totality of relevant circumstances;

8. That the parties' identification and nomination of entities to receive *cy pres* distributions and funds should be approved as fair, equitable and, necessary in the circumstances;

9. That the plan of *cy pres* allocation and distribution proposed by the parties in their **Joint Legal Brief Supporting Approval of Settlement Agreement**, at

---

[1.] The putative class member, who is the son of an original class member, did not object expressly to the proposed settlement, but, instead, took an opportunity to state his philosophical position that class members, and not taxpayers, should bear the costs of disabled parking placards themselves.

11 [#169] filed March 14, 2008, should be approved as fair, equitable, and necessary in the circumstances;

10. That the attorney fees and costs in the stipulated amount of $603,000.00 (which includes costs of approximately $21,000.00), plus accrued interest, as provided in the **Settlement Agreement And Mutual Release**, at 9, ¶ 11.A., and as circumstantiated in the parties **Joint Legal Brief Supporting Approval of Settlement Agreement**, at 11-12 and Exhibits 13, 14, and 15, are fair and reasonable and are to be paid by the defendants, *id*., in the manner prescribed in the **Settlement Agreement And Mutual Release**, at 9-10, ¶ 11.A.;

11. That the requirements imposed by my **Order Granting Preliminary Approval of Settlement Agreement, Stipulation for Judgment And Mutual Release And Scheduling Final Settlement Hearing** [#166] entered January 11, 2008, have been satisfied; and

12. That the proposed settlement is fair, reasonable, and adequate and should be approved in all respects.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiffs' class is **CERTIFIED** as follows:

> All purchasers of parking placards enabling use of parking accommodations set aside for the exclusive use of persons with permanent disabilities since the effective date of the pertinent provisions of the Americans With Disabilities Act, including purchasers of original placards, purchasers of renewal or replacement placards, and those who are in future will be subject to § 42-3-204(2)(e), C.R.S. (Formerly § 42-3-121, C.R.S.) until preliminary or final injunctive relief is granted;

2. That the **Settlement Agreement And Mutual Release**, *see* **Exhibit 1** to **Joint Stipulated Motion for Order Granting Preliminary Approval to Settlement Agreement And Mutual Release And Scheduling Final Settlement Hearing** [#165] filed January 7, 2008, which has been found to be fair, adequate, and reasonable, is **APPROVED** and its terms **IMPLEMENTED** effective immediately, with each party in interest **TO PERFORM** all relevant terms;

3. That as provided by the **Settlement Agreement And Mutual Release** at 10, ¶ 11.B., the settlement payment **SHALL BE USED** and **DISTRIBUTED** to a *cy pres* fund for charitable purposes in Colorado, and that the plan of *cy pres* allocation and distribution to the recipients proposed by the parties in their **Joint Legal Brief Supporting Approval of Settlement Agreement**, at 7-11 [#169] filed March 14, 2008, is **APPROVED** as fair, equitable, and necessary in the circumstances, and its terms are **IMPLEMENTED**;[2]

4. That attorney fees and costs in the stipulated amount of $603,000.00, plus accrued interest, as provided in the **Settlement Agreement And Mutual Release**, at 9, ¶ 11.A., are **AWARDED** to Stephen Senn, Robert Fergers, and Glen Gordon, and **SHALL BE PAID** by the defendants, *see* **Joint Legal Brief Supporting Approval of Settlement Agreement**, at 11-12, in the manner prescribed in the **Settlement Agreement And Mutual Release**, at 9-10, ¶ 11.A.;

5. That as she requested, Ms. Emma M. Robertson is **EXCLUDED** from the class;

6. That the putative objection of Michael A. K. Fansler [#167] filed March 7, 2008, is **OVERRULED** and **DENIED**; and

7. That this action is **DISMISSED** with prejudice.

---

[2] "The parties propose [a] one-time distribution be made from the *cy pres* fund as follows: CCDC 40%, C.U. Legal Aid Clinic 5%, if the Court includes ACL of Boulder [which I do] 5%, and the remainder to be divided among the transportation providers in pro-rated percentages arrived at by comparing passenger trips per year." **Joint Legal Brief Supporting Approval of Settlement Agreement**, at 11.

Done in chambers March 31, 2008, to confirm, expatiate, and supplement the findings of fact, conclusions of law, and orders entered from the bench in open court on March 21, 2008.

                              **BY THE COURT:**

                              **s/ Robert E. Blackburn**
                              **Robert E. Blackburn**
                              **United States District Judge**